**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>William John Sobota,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-21346 (JJT) |
| Palmetto Surety Corporation,<br><br>Plaintiff,<br><br>v.<br><br>William John Sobota,<br><br>Defendant. | Adv. P. No. 26-02003 (JJT)<br><br>Re: ECF No. 5 |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION TO DISMISS COUNT ONE**

Before the Court is the Motion to Dismiss Count One (Motion, ECF No. 5) filed by Debtor–Defendant William John Sobota. In the Motion, the Debtor seeks dismissal of Count One of the April 15, 2026 Complaint (ECF No. 1) filed by Palmetto Surety Corporation. For the reasons stated below, the Court grants the Motion without prejudice to repleading.[1]

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as applied by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, a party may move to dismiss where the complaint "fail[s] to state a claim upon which relief can be

[1] The Court assumes the parties' familiarity with the Complaint and its allegations.

granted[.]" "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Count One seeks a determination Palmetto's claims against the Debtor are nondischargeable under 11 U.S.C. § 523(a)(2)(A) because, Palmetto alleges, of the Debtor's false pretenses, false representation, or actual fraud. Under Rule 9(b) of the Federal Rules of Civil Procedure, as applied by Rule 7009 of the Federal Rules of Bankruptcy Procedure, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud[.]" "Under Rule 9(b)'s particularity requirement, the plaintiff must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (internal quotation marks omitted). Thus, not only must Palmetto allege a plausible claim, it must do so with particularity.

Count One fails to meet this standard. Palmetto alleges that the Debtor guaranteed surety bonds for 24/7 Bailbonds, LLC, allowed numerous bonds to into default, and that the Debtor "gave an affidavit to [Palmetto] to convince [Palmetto] that [the Debtor] had sufficient assets to pledge as collateral in order to satisfy any liabilities to [Palmetto.]" Palmetto also alleges that the Debtor's fraud includes selling unspecified questionable bonds, not satisfying the forfeiture of those bonds, and not assisting Palmetto with satisfaction of the forfeitures. The Complaint gives

no information about which specific bonds were suspect, nor the what, where, when, or how of the Debtor's statements that were supposedly fraudulent.

In Palmetto's opposition papers (ECF No. 17), it does little more than reiterate what the Complaint says. Palmetto argues, however, that "[a] more liberal standard has been applied to fraud allegations in bankruptcy cases." *Silverman v. H.I.L Assocs. Ltd. (In re Allou Distribs.)*, 387 B.R. 365, 385 (Bankr. E.D.N.Y. 2008). As noted in the very next sentence of that cited case, however, "[t]his is because in such cases, it is often the trustee, a third party, who is pleading fraud on secondhand information." *Id.* (internal quotation marks omitted). Palmetto is not a trustee operating on secondhand information; it is the counterparty to the Agreement. The liberal standard afforded to trustees does not apply here, where Palmetto has dominion over the material facts and has so demonstrated that in state court proceedings.

Palmetto also argues that "where the transactions are numerous and take place over an extended period of time, less specificity is required." *Nisselson v. Ford Motor Co. (In re Monahan Ford Corp. of Flushing)*, 340 B.R. 1, 21 (Bankr. E.D.N.Y. 2006). The Complaint alleges that numerous bonds went into default in 2020, with the Debtor giving Palmetto an affidavit around the same time. But the Complaint later alleges that it was from January 2024 onward that the Debtor sold bonds that went into forfeiture. There is no context for what the Debtor said or did at the various times alleged in the Complaint that is supposed to be false or fraudulent, nor is there any information about what the falsity or fraud even was. More

importantly, Palmetto alleges nothing about the number of transactions that it claims were false or fraudulent—or even what percentage of transactions it claims are suspect[2]—so it can hardly rely on (questionable) case law about a lightening of specificity where the volume is high when it doesn't say how high it was.

The Motion is granted without prejudice to Palmetto filing an amended complaint within 28 days of this Order.[3]

IT IS SO ORDERED at Hartford, Connecticut this 1st day of September 2026.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

---

[2] In other words, were all of the bonds suspect? Most? Some? Moreover, what were the dollar amounts associated with these bonds? Palmetto doesn't say anything here. Although Palmetto includes some (but not all) of this information in various entries in its Superior Court action, *see* note 3, *infra*, such information—which could provide some of the particularity needed here—is absent from the Complaint.

[3] At the August 27, 2026 hearing on the Motion, the Court discussed with the parties whether this Adversary Proceeding should include the underlying 10-count complaint pending in the Connecticut Superior Court against the Debtor and his companies. *See Palmetto Surety Corp. v. Sobota*, Case No. NNI-CV-24-5017007-S (Conn. Super. Ct.). Prior to the bankruptcy filing, Palmetto had obtained a prejudgment remedy (PJR) against the Debtor and his companies. The complaint in the Superior Court action sounds in breach of contract, breach of the duty of good faith and fair dealing, fraud, theft, conversion, statutory theft, breach of fiduciary duty, breach of the duty of loyalty, violation of the Connecticut Unfair Trade Practices Act, and unjust enrichment. None of these counts arises under the Bankruptcy Code or in a case under the Bankruptcy Code. Such may be "related to" claims, but every count also implicates at least one nondebtor party. Wary of upsetting the status quo vis-à-vis the PJR and concerned about the implications of citing in nondebtor parties, the Court, upon reflection, is not inclined to encourage the combination of the counts in the Superior Court action with this adversary proceeding. After Palmetto files its amended complaint, Palmetto and the Debtor are directed to meet and confer to discuss a pretrial order that anticipates staying this Adversary Proceeding so that the parties may return to state court to first try the underlying case before returning to this Court should Palmetto then desire a nondischargeability determination. The Court notes that, because the Debtor has received his discharge, there is no automatic stay in place. 11 U.S.C. § 362(c)(2)(C). Assuming that Palmetto makes no attempt outside of this Court to enforce any judgment obtained in the Superior Court against the Debtor in his individual capacity, the Court is not inclined to find a violation of the discharge injunction of 11 U.S.C. § 524 if the Superior Court action is pursued to adjudicate the aforesaid claims and to perfect the PJR and/or any judgment lien upon the land records or recorded with the Secretary of the State should Palmetto prevail.